UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


RAYMOND STEVE FOSTER,

     Petitioner,

v.                              CASE NO. 6:11-cv-74-Orl-19DAB
                                       (6:09-cr-39-Orl-19DAB)

UNITED STATES OF AMERICA,

     Respondent.
_____/

## ORDER

     This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Raymond Steve Foster. The Government filed a response (Doc. No. 6) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner was given the opportunity to file a reply, but he failed to do so.

***Procedural History***

     Petitioner and another individual were charged in a four-count indictment with the commission of various crimes (Criminal Case No. 6:09-cr-39-Orl-19DAB, Doc. No. 1, filed March 25, 2009).[1] Petitioner was charged in counts two and four. Petitioner subsequently entered guilty pleas as to both counts without a plea agreement. United States Magistrate Judge David A. Baker held a hearing on the pleas and entered a Report and

---

     [1]Criminal Case No. 6:09-cr-39-Orl-31DAB will be referred to as "Criminal Case."

Recommendation Concerning Plea of Guilty in which he recommended that the pleas be

accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

*See* Criminal Case Doc. No. 43.  On October 6, 2009, the Court entered a Judgment In A

Criminal Case (Criminal Case Doc. No. 82) in which Petitioner was adjudicated guilty of

the crimes and sentenced to imprisonment for a total term of 61 months.  Petitioner did not

appeal his conviction or sentence.

*Petitioner's Section 2255 Motion is Untimely*

A motion under section 2255 must be filed within one-year from the latest of the

following:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by
such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Petitioner's  motion is subject to dismissal because it was not timely filed

under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court

on October 6, 2009.  Because no appeal was filed, the judgment of conviction became final

10 days after the entry of judgment by the Court.  *See Mederos v. United States*, 218 F.3d

1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final

when the time allotted for filing an appeal expires). Thus, Petitioner's conviction became final on October 16, 2009, and Petitioner had until October 18, 2010, to file a section 2255 motion in this case.[2]

Although Petitioner's initial section 2255 motion was file-stamped by the Clerk's office on January 19, 2011, under the "mailbox rule," it would be deemed filed on December 29, 2010, the date when the motion was signed and presumably delivered to the prison authorities for mailing.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  However, because Petitioner's initial section 2255 motion was not filed by October 18, 2010, it is time-barred under section 2255 and must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed January 19, 2011) filed by Raymond Steve Foster is **DENIED**, and this case is **DISMISSED** with prejudice.

2.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A certified copy of this Order and the judgment shall also be filed in criminal case number 6:09-cr-39-Orl-19DAB.

3.     The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No.100, filed January 19, 2011) pending in case number 6:09-cr-39-Orl-19DAB.

4.     This Court should grant an application for certificate of appealability only if

---

[2]The Court notes that October 16, 2010, fell on a Saturday.

the Petitioner makes "a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

      **DONE AND ORDERED** in Chambers at Orlando, Florida, this _3rd____ day of

August, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
OrlP-2 8/3
Raymond Steve Foster

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United*

*States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

4

Counsel of Record